El Pueblo, Demandante y Apelado, *v.* Padilla, Acusado y Apelante.

Apelación procedente de la Corte de Distrito de Guayama en causa por infracción al Reglamento de Sanidad No. 30.

No. 1537.—Resuelto en junio 17, 1920.

Salud Pública—Delito Contra la—Prueba Pericial.—Cuando una harina de trigo destinada a hacer pan para la venta al pueblo está llena de gusanos y gorgojos y los sacos que la contienen se encuentran perforados pudiendo observarse a la simple vista las excretas de los gusanos, una persona de inteligencia común puede declarar sobre tales hechos y la corte concluir a virtud de

su declaración que la harina se encontraba por lo menos sucia, a los efectos del artículo 16 del Reglamento de Sanidad No. 30, sin que sea indispensable en tal caso el análisis del artículo por perito químico.

CORTES—JURISDICCIÓN EN MATERIA CRIMINAL.—Una denuncia en que se alega que el hecho delictivo ocurrió "en Arroyo, P. R.," del distrito judicial municipal de Arroyo," es suficiente para determinar la jurisdicción de la Corte de Distrito de ·Guayama para conocer de ella en grado de apelación.

SENTENCIA DEFECTUOSA—ENMIENDA EN LA CORTE DE APELACIÓN.—Siempre que el error cometido no sea perjudicial al acusado, puede enmendarse una sentencia por la corte de apelación.

Los hechos ¡están expresados en la opinión.

Abogado del apelante: *Sr. J. J. Aponte.*

Abogado del apelado: *Sr. J. E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

La denuncia, base del proceso, copiada a la letra en lo pertinente, dice así:

"Que en octubre 7 de 1918 y en Arroyo, P. R., del Distrito Judicial Municipal de Arroyo, le decomisé al referido José D. Padilla, dueño de una panadería una partida de harina de trigo de 77 sacos de a 100 libras cada uno, habiéndole dejado aviso al referido Padilla de no usar de aquella harina para elaborar pan porque a mi juicio, como Inspector de Alimentos y Drogas, aquella harina estaba contaminada, pero que iba a enviar una muestra al Laboratorio Químico para estar seguro del estado de pureza de la misma y a pesar de tal aviso y luego de haber recibido el informe del Director del Laboratorio de que la harina en cuestión era impropia para el consumo, y cuando el Inspector de Sanidad de Arroyo, José Espada Marrero, fué a notificar al referido Padilla del resultado del análisis de su harina, éste le contestó que había dispuesto de la harina. Más tarde el denunciante se trasladó a Arroyo, en octubre 29 de 1918 para notificar al Padilla y ver qué había hecho con la harina, éste le dijo que había mezclado la harina con harina de buena calidad y había hecho pan con ella, y como esto es una infracción del Reglamento de Sanidad No. 30, que reglamenta las panaderías, procedimientos de panificación y venta de pan en Puerto Rico especialmente en su artículo 16, denuncio los hechos a V. H. a los fines que estime oportunos."

Y la ley infringida es como sigue:

"No ·se venderá ni ofrecerá o expondrá en venta en Puerto Rico

ningún producto confeccionado con harina, si está agrio o amargo; o si es elaborado con una harina agria, sucia o malsana, o si está adicionado con sales, minerales u otros ingredientes, o si su condición es tal que cuando se use como alimento sea nocivo o afecte seriamente a la salud.'' Artículo 16 del Reglamento de Sanidad No. 30.

Juzgado y condenado el acusado por la Corte Municipal de Arroyo, P. R., apeló para ante la Corte de Distrito de Guayama. Celebrado el juicio de nuevo, fué también condenado y recurrió entonces para ante este tribunal.

1. Sostiene el apelante que la denuncia es insuficiente porque de ella no se desprende la jurisdicción de la Corte de Distrito de Guayama. Esta cuestión fué levantada en la corte de distrito y resuelta por ella, con razón a nuestro juicio, en el sentido de que apareciendo de la faz de la denuncia que el hecho denunciado ocurrió ''en Arroyo, P. R., del Distrito Judicial Municipal de Arroyo,'' y teniendo la corte de distrito conocimiento judicial de que el Distrito Judicial Municipal de Arroyo forma parte del Distrito Judicial de Guayama, P. R., de la propia faz de la denuncia constaba su jurisdicción.

2. Alegó el apelante que su causa debió ser sobreseída por haber transcurrido más de 120 días entre la fecha de su radicación y la de la celebración del juicio. Este extremo fué objeto de prueba. El secretario de la corte municipal sostuvo que envió los autos a la de distrito el doce de febrero de 1919. El secretario de la corte de distrito dijo que lo que podía asegurar era que de acuerdo con la carátula del expediente, la radicación de los autos en la corte de distrito se verificó el 20 de febrero de 1919, y que, de acuerdo con el libro de minutas, el 18 de marzo de 1919 la vista de la causa que había sido señalada para ese día se pospuso, con la conformidad del abogado del acusado, para el próximo término. El juicio se celebró finalmente el 18 de junio de 1919. Siendo esas las circunstancias que concurren, no puede

sostenerse con éxito que la corte de distrito errara al deses-
timar, como desestimó, la moción del acusado.

· 3. Sostiene el apelante que debió ser absuelto por falta
de prueba. Hemos examinado cuidadosamente la evidencia
y si bien convenimos en que pudo ser más robusta, eso no
obstante contiene, a nuestro juicio, elementos bastantes para
sostener la sentencia condenatoria dictada.

Para probar que la harina estaba descompuesta se intentó
presentar el informe del químico del laboratorio insular. El
acusado se opuso basándose en que no era la mejor prueba,
debiendo el fiscal traer a declarar al químico en persona, a
fin de poder ser repreguntado por la defensa. La corte sos-
tuvo la oposición. Y se alega que no habiéndose presentado
la declaración pericial, quedó la acusación desprovista de
todo elemento probatorio eficaz sobre el extremo esencial del
estado en que se encontraba la harina.

No estamos conformes. El mal estado de la harina pudo
ser, como lo fué en este caso, tan evidente, que cualquier
persona de inteligencia común esté en condiciones de prestar
una declaración válida sobre el mismo.

Dijo el inspector Fermín Brau declarando en el juicio:

"Que entró acompañado del inspector de sanidad Francisco Picón,
Jr., y que después de inspeccionar la panadería fué a la habitación
donde tenía la harina almacenada y se encontró con una estiba de
77 sacos que estaban perforados por los gusanos y se veían unos
agujeritos, estaban perforados los sacos y por ahí se veían las ex-
cretas de los gusanos y se podían sacar donde estaban metidas las
larvas. Hice abrir un saco a presencia del maestro encargado de la
panadería y otro empleado, un jovencito que había allí, extraje un
poco de harina, extendí en un papel, puse una superficie lisa y les
enseñé cómo brotaban los gusanos y gorgojos de esa harina. El
maestro me dijo que esa harina no la usaban ellos, que la tenían re-
tirada;· pero yo había tomado café por la mañana en el pueblo y
encontrado el pan malo. Entonces le enseñé la harina a ellos, vieron
los gusanos y le dije que iba a coger una muestra, como realmente
lo hice y les dije que ellos no podían disponer de esa harina para
hacer pan, que se ·lo avisaran a Padilla y que no la devolvieran ni

la tocaran hasta que yo no les diera informes del resultado del análisis.''

Y el testigo Picón, se expresó como sigue:

''Que ese día fueron a inspeccionar la panadería de Padilla, pasaron al departamento de harina y allí encontraron una harina que se examinó en presencia del declarante; que la harina tenía gusanos; que vió los gusanos; que se mandó a apear un saco; que había una estiba de 77 sacos; que Brau mandó a bajar un saco y lo abrieron y le encontraron gusanos; que cuando encontró que la harina estaba mala dijo que no la usaran; que él tomaba una muestra y la iba a mandar al laboratorio, que él estaba seguro de que estaba mala, pero que iba a mandar la muestra para asegurarse más, que la dejaba decomisada allí hasta que le avisaran el resultado del laboratorio; que eso pasó en presencia del testigo.''

Se argumenta, además, para sostener que la prueba no es bastante, que el acusado nunca fué notificado y que no hay prueba de que fabricara pan con la harina a sabiendas de que estaba en malas condiciones.

Se trata de un establecimiento instalado para vender al público. El acusado es el dueño de ese establecimiento. La inspección se hizo dentro de él y a presencia y con la intervención de los empleados del acusado. Y el inspector Brau declaró lo que sigue:

''Yo fuí a Arroyo; tuve noticias de que habían dispuesto de la harina y antes de hacer una denuncia quería verme personalmente con el Sr. Padilla y le dije que cómo era posible que hubieran dispuesto de aquella harina que yo había dejado decomisada, sin esperar el informe del laboratorio y además del aviso que le había dejado que era mala para pan; me dijo que era poca harina, que unos sacos estaban malos y otros no y que cogió y la mezcló con harina buena.''

Vuelto a preguntar por el abogado defensor, contesta:

''Preguntado si sabe si él dispuso de la harina de ese saco que estaba malo contesta que dispuso de todos los sacos, que le dijo que había dispuesto de toda la harina, que no sabe si dispuso de ese o no, lo supone; que dispuso de los 77 sacos que fué la partida decomisada por él. Preguntado si es una suposición suya, contesta: Que eran 77 sacos y como no entregó ninguno, que ha debido dejar-

los separados.　Preguntado si él le indicó o le manifestó que había dispuesto del saco que el testigo abrió y resultó mala la harina, contesta: No señor, me dijo que había dispuesto de toda la harina."·

La admisión del propio acusado y el hecho de que los gusanos y gorgojos de la harina hablaban por sí mismos, demuestran que el acusado convirtió en pan la harina a sabiendas por lo menos de que estaba sucia, cometiendo así un acto en contra de la comunidad que no debe ser dejado sin castigo.　Para que la infracción se cometa, no es necesario que el dueño de la panadería sea advertido.　Lo que se necesita es que elabore pan con harina sucia, agria o malsana.　Y dadas las circunstancias que concurren en este caso, el acusado, independientemente de la actuación del inspector de sanidad, al elaborar el pan con la harina de que se trata, necesariamente tenía que saber que lo hacía con una harina impropia para el consumo y la salud del pueblo.

4. Alega, por último, el apelante, que la sentencia es defectuosa porque no expresa con claridad el delito por el cual castiga al acusado.

La sentencia dice así:

"Practicada la prueba testifical, la corte, por el resultado de la misma, dicta sentencia declarando al acusado José D. Padilla culpable del delito de infracción al artículo 30 de la Ley de Sanidad e imponiéndole veinte y cinco dólares de multa, o en su defecto un día por cada dollar que dejare de satisfacer, con las costas."

El mismo apelante reconoce que la corte sufrió un error al expresar: "Artículo 30 de la Ley de Sanidad," en vez de Reglamento de Sanidad No. 30.　Y esa es la verdad.　Se trata de un mero error que pudo ser corregido por la corte de distrito y que puede ser corregido ahora por el Tribunal Supremo.

El apelante invoca los casos de *El Pueblo* v. *Campos,* 17 D. P. R. 1190, y *El Pueblo* v. *Alvarez,* 21 D. P. R. 86.　El último de dichos casos contiene un estudio amplio y completo sobre la materia y es siguiendo precisamente su doctrina

que opinamos que en este caso puede y debe corregirse el error cometido por la corte de distrito, ya que dicho error no perjudicó en modo alguno al acusado y leyendo la denuncia y analizando la prueba se encuentran en ellas datos bastantes para fijar con toda claridad y exactitud cuál fué la verdadera resolución de la corte.

Por virtud de todo lo expuesto, opinamos que debe declararse sin lugar el recurso y confirmarse la sentencia recurrida, corregida en la forma indicada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.